# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF NORTH

# CAROLINA CHARLOTTE DIVISION

| | |
|---|---|
| ANDREW WILSON DIXON, PLAINTIFF, <br><br> vs. <br> OFFICER JALPA PATEL, in her individual capacity and official capacity; OFFICER JACK MORAN, in his individual capacity and official capacity; OFICER KYLE BROWN, in his individual capacity and official capacity; OFFICER JORGE SANTIAGO, in his individual capacity and official capacity; CHIEF OF POLICE ESTELLA D. PATTERSON, in her official capacity; | CASE NO. <br><br> **COMPLAINT FOR DAMAGES** <br>       **FEDERAL CLAIMS** <br>   1. **MALICIOUS PROSECUTION AND SEIZURE §1983** <br><br> **NORTH CAROLINA STATE LAW CLAMS** <br>   2. **MALICIOUS PROSECUTION** <br><br> **Jury Trial Demanded** |

# INTRODUCTION

Plaintiff files this action seeking relief for Malicious Prosecution and violation of rights under the United States Constitution and the North Carolina Constitution Article I Section 19 and 42 U.S.C. Sec. 1983 for Deprivation of Fourth Amendment Rights while a citizen of the United States of America and North Carolina.

Plaintiff requests that damages be considered by the Court for actual damages and punitive damages and any other relevant considerations raised by the pleadings herein.

## PARTIES

1. The Plaintiff is Andrew Dixon a citizen and resident of Charlotte in Mecklenburg County, North Carolina.

2. Defendants are current or former employees of the Charlotte Mecklenburg Police Department in Mecklenburg County, North Carolina.

## INTRODUCTION

A. Plaintiff files this suit against Defendants, State and local officials (a) under a section 1983 claim for violation of the Plainitff's constitutional rights against the use of unreasonable seizure and restraint including but not limited to improper deprivation of Plaintiffs freedom by incarceration without cause and Malicious Prosecution under Federal Law.

B. Defendants violated the Plaintiff's constitutional rights guaranteed under the 14th Amendment and Equal protection and any other applicable statue or constitutional provision by using excessive force against the Plaintiff and by Malicious Prosecution of the Plaintiff by initiating charges of Possession of Firearm by a Felon, Assault on a Female and additional charges without any probable cause to do so, resulting in the Plaintiff's arrest, wrongful detention and loss of job.

C. Plaintiffs suing under Bivens may only recover for the violation of certain constitutional rights.

D. Section 1983 allows Defendants to be found liable only when they have acted "under color of any statue, ordinance, regulation, custom, or usage, of any State or Territory or the District of Colombia." 42 U.S.C Section1983.

E. Each Defendant was acting under color of North Carolina statues, ordinance, regulation, custom, or usage. In violation of the Plaintiffs Constitutional Rights and 42 U.S.C. Section 1983, and the North Carolina Constitutional by acting in the capacity of Charlotte Mecklenburg Department Employees either as a patrol officer, supervisor, and support officers or investigators.

## FACTS

7. The events occurred on or about May 2, 2020 at the Plaintiff's home at

12305 Panthersville Drive, Charlotte, NC 28269, the Plaintiff was a t home and the Plaintiff's then girlfriend Jennifer Fontana called 911 alleging that she was assaulted and that the Plaintiff had a gun, upon information and belief the Defendants arrived on the scene and found no gun and no evidence of assault, nevertheless the Defendants arrested the Plaintiff and the Plaintiff was placed in the Mecklenburg County Jail where he had to bond out of jail.

8. Defendants violate the Plaintiff/Defendants constitutional rights guaranteed under the United States Constitution, 4th amendment,14th Amendment and Equal protection, The North Carolina Constitution and any other applicable statue or constitutional provision by instituting charges of Assault on Female and Possession of Firearm by a Felon among other charges without probable cause to do so, including a lack of sufficient evidence to bring any charges deficiencies including not finding a gun at the scene or having any evidence of Assault on Female other than statements by the complaining individual Jennifer Fontana, resulting in the arrest, detention and prosecution of the Plaintiff in violation the Plaintiff's Constitutional Rights under the United States Constitution and North Carolina Constitution.

9. Plaintiff was arrested and incarcerated in violation of his Constitutional Rights under the 4th, 8th, and 14th Amendments to the United States Constitution to be free from unreasonable search and seizure of his person and property, cruel and unusual punishment, pain, suffering, and emotional trauma.

## RESPONDEAT SUPERIOR

A. Plaintiff Andrew Dixon, alleges that the State of North Carolina ("STATE") is liable under the theory of Respondeat Superior for the illegal conduct inflicted on Plaintiff by the STATE'S agents and employees, including, but not limited to. The STATE may be held vicariously liable for state law torts committed by managing agents and employees under a theory of respondeat superior. Therefore, the respondeat superior claims against the State of North Carolina regarding Defendants herein, the Plaintitff asserts there is liability for the acts of each of the other Defendants.

## JURISDICTION

B. This action arises under the First, Fourth and Fourteenth Amendments to the Constitution of the United States; Article I, Section 19, of the North Carolina State Constitution; 42 U.S.C. § 1983; and North Carolina law. This Court has original jurisdiction over Plaintiffs' constitutional and federal law claims pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343(a). 35. This Court has supplemental jurisdiction over Plaintiffs' state law

claims pursuant to 28 U.S.C. § 1367(a) because they are part of the same case and controversy described by Plaintiffs' federal claims.

## VENUE

C. Venue is proper in this district under 28 U.S. C. § 1391 (b) (1) because all Defendants reside in the State of North Carolina and at least one Defendant resides in this district. Specifically, the Defendants live in Mecklenburg County or surrounding counties, upon information and belief, which satisfies the requirement of residency under 28 U.S. C. § 1391 (c) (2) and 28 U.S. C. § 1391 (d).

### FIRST CLAIM RELIEF
### (Constitutional Violations)

10. Plaintiff/Defendant had a right to be free from deprivation of any rights. Privileges, or immunities secured by the United States Constitution and The North Carolina Constitution.

11. Defendant's actions which were directed at the Plaintiff listed above, were not necessary and not based on probable cause, the institution of charges, arrest and incarceration upon information and belief, violated the fourth, eighth and fourteenth amendment rights of the Plaintiff and also contravened North Carolina General Statutes.

12. Defendants institution of charges without probable cause, upon information and belief violated the Plaintiff's Constitutional Rights under the United States Constitution and the North Carolina Constitution.

13. Plaintiff was improperly charged and arrested and was the victim of conscious shocking extra judicial use of arrest and seizure powers without due process in Violation of the United States Constitution and the North Carolina Constitution Article I Section 19 and any other applicable section of the North Carolina Constitution.

### SECOND CLAIM FOR RELIEF
### (Malicious Prosecution SECTION (1983)

14. Plaintiff incorporates by reference the allegations set forth in paragraphs 1-13 of the Complaint as if fully set forth herein.

15. The individual Defendants acted with malice in initiating the charges against the Plaintiff.

16. The individual Defendants initiated or caused the Plaintiff to be charged with Possession

of Firearm by a Felon, False Imprisonment, Assault by pointing a gun, Interfere with emergency communication and Assault on Female.

17. The individual Defendants acted with malice in initiating the charges against the Plaintiff, in that there was no gun located, there were no injuries located on the alleged victim and Defendants failed to properly investigate the case, upon information and belief before bringing the charges against the Plaintiff.

18. There was a lack of probable cause for the initiation of the charges against the Plaintiff.

19. The charges were dismissed, and the termination of the previous proceeding was in the Plaintiff's favor.

20. Defendant Estella D. Patterson is responsible for the injuries and damages suffered by Plaintiff as a result of the actions of individual Defendants pursuant to the doctrine of respondent superior.

21. As a direct and proximate result of Defendants' malicious prosecution of Plaintiff, Plaintiff has suffered damages and losses as described herein entitling him to compensatory damages and puntitive damages

22. Plaintiff is entitled to punitive damages against each defendant due to the malice with which they initiated the above-identified charges.

## DEMAND FOR JURY TRIAL

Plaintiff Respectfully demands a trial by jury on all issues so triable arising out of this action.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiffs respectfully pray the Court for the following relief:

1. For special and economic damages, including lost wages, for all Claims

2. For general and non-economic damages for all Causes of Action;

3. For $1,000,000.00 against each defendant, individually and severally for pain, misery, suffering, loss of enjoyment of life, for loss of job, for severe mental and emotional distress, anxiety, humiliation and other non-economic and economic damages.

4. For punitive damages in the amount of $1,000,000 each against Defendants, and in their individual capacity, for the protection of the public;

5.    For such other relief that the Court deems just and proper.

This the 26th day of March 2026.


William Trippe Mckeny
Attorney for Defendant
403 East Front Street
Statesville, NC 28677
Telephone: 704-771-0015
NC State Bar: 30648

STATE OF NORTH CAROLINA
COUNTY OF MECKLENBURG

I <u>Andrew Dixon</u> having first duly sworn, acknowledges that he is the Plaintiff in the forgoing action, that he has read the forgoing Complaint and the same is true of his own knowledge except as to those things stated upon information and belief and, as to those, he believes them to be true.

Andrew Dixon

Sworn and subscribed to before me
this the ⲇⳇ day of March 2026

Notary Public

My Commission Expires: 9|7|2030